**UNITED STATES of America,**
**Appellee,**

v.

**Salvatore J. SPINELLI, also known as**
**Sal J. Spinelli, Appellant.**

**No. 71–1137.**

United States Court of Appeals,
Ninth Circuit.

May 17, 1971.

Thomas J. Davis, Tucson, Ariz., for appellant.

Stanley Patchell, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before KOELSCH, BROWNING and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a jury verdict which found the defendant guilty on two counts: (1) 26 U.S.C. § 7201 (attempt to evade tax), and (2) 26 U.S.C. § 7206(1) (making and subscribing to a false return). Sentence of 42 months was imposed only on Count I, the court having determined that Count II was included in Count I. No issue has been raised here as to this latter finding.

The defendant acknowledged that the "Government produced evidence which showed that there was a substantial additional amount of federal income tax due and owing from the accused for the calendar year 1965 [the year in question] over and above the amount of the tax which was declared or disclosed in the defendant's income tax return for that calendar year."

Spinelli argues that the Government failed in its burden to prove, as required by statute, that he knew that the additional amount was due and willfully attempted to evade his duties.

It is clear that the Government need not adduce direct proof of intent. It may be inferred from the defendant's acts. Norwitt v. United States, 195 F.2d 127, 132–133 (9th Cir.), cert. denied 344 U.S. 817, 73 S.Ct. 11, 97 L.Ed. 635 (1952). The same applies to knowledge that additional amounts were due, and a jury may return a verdict of guilt under this section, 28 U.S.C. § 7201, based upon circumstantial evidence alone. Armstrong v. United States, 327 F.2d 189, 194 (9th Cir. 1964).

Here the defendant earned commissions from the sale of real estate in 1964. This income was reported for that calendar year and a tax paid upon it. In 1965 the same type of income was earned, checks issued to the taxpayer and endorsed by him to others. His claim that he was a mere "conduit of title" and thus the income was not his and need not be reported or a tax paid on it, was not believed. It need not have been. The need for reporting it had been explained to him by an accountant. Nevertheless he failed to report it and thus signed an income tax return which was clearly false.

The jury was entitled to infer that Spinelli knew the additional amounts of income were due and that he willfully attempted to evade the tax.

Appellant also contended that the district court erred in not permitting him sufficient latitude in the cross-examination of a government witness. We have examined the record and find no error. Likewise there was no error in permitting a court reporter to read answers given by appellant in a deposition in another case for the purposes of impeachment.

Finally appellant complains that pretrial publicity prevented him from having a fair trial and therefore the denial of a motion for change of venue was error. No authorities have been cited by appellant. The record here does not disclose the kind of pre-trial prejudice that prevented the defendant from receiving a fair trial from an impartial jury. Compare Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Proper and precautionary questions were addressed to the jury on voir dire. The court fulfilled its duty in guarding the rights of the defendant from improper outside influences.

The judgment is affirmed.